In the matter of widening South Seventh street, in the city of Brooklyn.

Land may be taken for a street, adjoining its continuous line, to prevent angular pieces of property being left, when authorized by the legislature.

It is no objection to the report of commissioners of estimate, that one of the commissioners holds the legal estate in a portion of the premises taken for the street.

It is not necessary for the common council of the city of Brooklyn to specifically direct the corporation counsel to move for the confirmation of the commissioners' report. It is his duty to take all necessary proceedings, by virtue

In the matter of South Seventh street.

of his office, when the common council have given him notice to carry out the improvements.

The report of the commissioners, awarding damages for land taken, will not be sent back for correction because of inadequacy of awards, unless it appears that there was an error in the principle upon which they proceeded, in making their awards.

It is proper for the legislature to provide that in proceedings for opening and widening a street, the expenses incurred under a former act of the legislature for the same purpose be included as a part of the expense.

APPEAL from an order made at a special term, confirming the report of commissioners of estimate in the above matter. The following opinion was delivered at the special term.

SCRUGHAM, J.  It is provided by the act of April 26, 1861, amending the act to widen and improve Bushwick Avenue, and other streets, in the city of Brooklyn, passed April 14, 1860, that " where blocks shall be formed by reason of the widening or extending of any of the streets or avenues authorized to be improved by that act, (among which are the streets in question,) having an angle of less than forty degrees, the board of commissioners appointed by that act shall fix the lines of said streets and avenues in such a manner that such angular points be cut off from said block, and shall be included in said streets and avenues as parts of the same, to such an extent as will leave a front of ten feet between the streets and avenues widened and extended and the adjoining street forming said angle."   Under this act maps were made and filed showing the lines of South 7th street and a part of South 6th street, as determined and fixed by the commissioners. In widening South 6th street, as directed by said act, all of the land of R. C. Mount was taken, except a small triangular piece forming the end of a block having an angle of less than forty degrees, and in cutting off the angle to such an extent as to leave a front of ten feet between South 6th street and Division avenue, the whole of this triangular piece of land was taken.

The act of May 2, 1863, under which the present proceed-

ings are taken, widened the streets as described in the former act, and as laid down on the maps filed pursuant to that act. There is no force, therefore, in the objection of Mr. Mount, that the commissioners have included lands belonging to him not described in the original proceedings, and have taken his entire lot without his consent.

The streets are widened by the act, and the proceedings, which the common council take are for the ascertainment and payment of the expenses thereof ; and therefore the objection that the corporation of the city of Brooklyn had no jurisdiction to make the proposed widening, is not applicable to the case.

The commissioners are not authorized to make awards or assessments for benefit. That duty is imposed upon the board of assessors of the city, who, after the confirmation of the report of the commissioners, are to fix the district of assessment and make the proper appointments and assessments, (secs. 3 and 4.)

Sec. 2, of the act of May 2, 1863, authorizes the commissioners to include in their estimate of the expense one half of the expense theretofore incurred under the act of April 16, 1861, and their report shows that the amounts stated for counsel fees, $900 for old commissioners, and $50 for clerk hire, are items of the half of those expenses. The charge which is objected to as a charge for searches, is, in reality, and, as mentioned in the report, a charge of the attorney's disbursements for registers' fees for searches. And I see no impropriety in it, nor in the charge for compensation for more than one surveyor.

The objection that the parties in interest have had no opportunity to be heard before the commissioners since the filing of the report of November 14, 1864, of which confirmation is now sought, is not tenable. Such report was made in revision and correction of a report of which confirmation had been sought, and which had been referred back to the commissioners for that purpose—no other notice is required

In the matter of South Seventh street.

in such cases than of the filing of the report and of the application for its comfirmation. (*Charter*, *Title* 4, § 13.)

There is no evidence that the awards are made upon the basis that the owners are expected to remove their buildings and improvements, or that compensation is only made for the damages they would sustain by such removal. On the contrary, the report expressly states that the awards are made for buildings taken.

It is objected that one of the commissioners, Mr. Runcie, is interested in the improvement. I understand it to be admitted that a lot taken by the improvement, and for which an award of $237.60 is made, belongs to the legatees of Abraham A. Runsen deceased, of whose estate Mr. Runcie is the trustee. It does not appear that he has any beneficial interest in the awards. If the authority for the appointment of the commissioners was derived from the charter of the city of Brooklyn, which provides that the persons appointed shall not be interested in improvements, it might be necessary to consider whether this trusteeship established such an interest as should disqualify him; but as authority for the appointment is not so derived, but is conferred by the act of May 2, 1863, which contains no such restriction, and as it is evident that he had no such interest in the matter as would be likely to affect his impartiality, or in any manner influence his judgment, this objection will not warrant a refusal to confirm the report.

The act under which these proceedings are taken provides, that from and after the appointment of the commissioners to ascertain the expense of the improvement, &c. the law in force in relation to the opening of streets in the city of Brooklyn shall apply to these proceedings. Those laws require that after the report of the commissioners of estimate in street opening has been reviewed, corrected and refiled by them, the common council shall cause a notice of an application for the confirmation of such report to be published. They have no discretion in the matter. The performance of the act is en-

joined upon them, and may be compelled by any interested party. The necessity for it is created by their resolution authorizing the improvement, the publication of this notice being a necessary step in the proceedings, which they thereby inaugurate. I do not therefore see why any resolution is necessary, especially, to cause the publication of this notice. The attorney and counsel for the corporation is their officer, and by their charter he has the charge, management and control of, and is directed to conduct, all the proceedings necessary in opening streets. Causing the publication of the notice is one of these proceedings, and his act in that respect is the act of the common council, who authorize him to perform it in their behalf by giving notice of their resolution permitting the improvement, and directing him to apply for the appointment of commissioners.

There is certainly a remarkable difference between the estimate made by the commissioners of the damages to some of the objectors and the statements made in the affidavits read in opposition to the motion ; but these statements are generally of opinions as to the value of the property taken, and no such facts are stated as would plainly show that the commissioners have fallen into an error in their estimates. Without such plain proof, this court will not send back a report of commissioners for correction, unless it appears there was an error in the principle upon which they proceeded in making their award. I find no such error.

An order may be entered, confirming the report.

An appeal was taken, from this decision, to the general term, which was argued by

*Geo. Thompson, N. F. Waring, D. P. Barnard* and *S. M. Meeker*, for the appellants, and

*Sidney V. Lowell*, (asst. corp. counsel,) for the corporation.

Ferris *v.* The People.

The following opinion was delivered at the general term.

*By the Court,* J. F. BARNARD, J. There is no ground for the objection, that the owners of buildings taken are only allowed damages for the removal of the buildings. The report expressly assesses the damages for " buildings taken."

There is also an objection, that one of the commissioners was a trustee for infant children who owned a small piece of the land taken, and for which damages were assessed. I think this objection not good. The commissioner had no interest in the question of damages; he could as well act in the assessment of these damages, as town and city assessors who assess their own relatives' property. Any other rule would be impossible in the internal management of cities and towns, where many of the questions are such as affect the private interest of a large number of the people.

The assessment should be confirmed.

[ORANGE GENERAL TERM, September 11, 1865. *Brown, Lott* and *J. K. Barnard,* Justices.]